UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK NICHOLSON,

        Plaintiff,                  Case No. 07-11134

vs.                                    DISTRICT JUDGE PATRICK J. DUGGAN
                                                 MAGISTRATE JUDGE STEVEN D. PEPE

THE GREAT LAKES TOWING
COMPANY,

        Defendant.
=============================/

### ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER (DKT. #13)

On November 13, 2007, Defendant filed its motion for a protective order (Dkt. #13). Defendant's motion was referred for hearing and determination on November 14, 2007, pursuant to 28 U.S.C. § 636(b)(1)(A) (Dkt. #14). On December 19, 2007, a hearing was held on Defendant's motion at which all unresolved issues were addressed. For the reasons stated on the record and indicated below, it is **ORDERED** that Defendant's motion is **GRANTED**.

On or about May 1, 2007, Defendant, The Great Lakes Towing Company ("GLT"), was served with the Complaint of Plaintiff Mark Nicholson ("Nicholson"). Nicholson asserts that he sustained injuries as a result of an alleged slip and fall on a vessel owned by GLT. The present motion for a protective order is, in part, in response to Nicholson's attempts to take the deposition of GLT's Corporate Representative Gregg A. Thauvette.

GLT provides commercial tugboat services on all five Great Lakes and the St. Lawrence

1

Seaway (*See* Dkt. #13, Ex. B, ¶ 2, Verification of Gregg A. Thauvette). GLT's vessel operations on the Great Lakes is compressed within a nine to ten month period, called the Navigation Season; the Navigation Season closes due to the anticipated icing of the navigable waterway of the Great Lakes and the closing of the St. Lawrence Seaway in late December (*Id*. at ¶ 9). Gregg A. Thauvette, GLT's Vice President, Operations, is the most knowledgeable individual for all of the subjects listed in Nicholson's Notice of Deposition and there is no suitable alternative witness (*Id.* at ¶ 8). Mr. Thauvette is responsible for the crewing, dispatching, and maintenance of GLT's tugboats (*Id.* at ¶ 5). GLT's Operations Manager, Dispatchers, and Tug crewmen all report to Mr. Thauvette (Id. at ¶ 6).

As explained in Mr. Thauvette's verification, GLT would suffer an undue burden if Mr. Thauvette was forced to take the anticipated two to three days to prepare for the deposition and another full day to appear for the deposition during the Navigation Season (*Id*. at ¶ 10). GLT's motion for protective order does not seek to foreclose Nicholson's ability to obtain his desired discovery. Rather, GLT requests that Nicholson delay the deposing of GLT's corporate representative until after the conclusion of the Navigation Season. Protective orders are permitted in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "[J]udges may prevent the proposed deposition when the facts and circumstances are such that it creates an inappropriate burden or hardship." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2nd Cir. 2003).

Because Defendant has demonstrated that a sufficient burden exists, its motion for a protective order is **GRANTED,** and the deposition of Mr. Thauvette shall occur on January 8, 2008, following the conclusion of the Navigation Season. In light of the discovery cut-off date

of February 28, 2008, it is anticipated that the parties will continue to cooperate and will make every effort to schedule all remaining depositions in January.[1] If the parties are unable to accomplish all of their needed discovery, the Court will entertain motions for an extension of the discovery cut-off date.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: December 19, 2007　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] Defense counsel was asked to determine within the next week the travel plans and locations of employees that may be deposed in order to ensure their depositions may be taken locally before they potentially depart the area following the conclusion of Navigation Season.

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 19, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Donald B. Beaton, Frederick B. Goldsmith, Lisa T. Milton, Eugene R. Ogrodowski, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable

                                                s/ James P. Peltier
                                                James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S. District Court
                                                600 Church St.
                                                Flint, MI 48502
                                                810-341-7850
                                                pete_peliter@mied.uscourts.gov