UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK NICHOLSON,
        Plaintiff,

v.                                          Case No. 07-11134
                                          Honorable Patrick J. Duggan

THE GREAT LAKES TOWING CO.,
        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 9, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

This matter is presently before the Court on Defendant's March 15, 2008 motion to amend the scheduling order entered October 11, 2007. Contending that Plaintiff has failed to timely provide certain discovery, Defendant seeks to extend the dates in that order by ninety (90) days. In a response filed March 28, 2008, Plaintiff objects to an amendment of the current scheduling order. For the reasons that follow, the Court grants Defendant's motion.

Pursuant to Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified upon a showing of good cause. FED. R. CIV. P. 16(b)(4). The amendment should be granted only "'if [the existing schedule] cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting FED. R. CIV. P. 16, 1983 advisory committee notes). In

deciding whether to amend the scheduling order, the court also should consider whether the nonmovant will suffer any prejudice by virtue of the amendment. *Id.* (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

The October 11, 2007 Scheduling Order establishes the following deadlines in this matter:

> Close of Discovery: February 28, 2008
> Motion Deadline: March 15, 2008
> Final Pretrial: May 14, 2008
> Jury Trial: May/June 2008

(Doc. 9.) Defendant seeks to extend those dates so that it may pursue discovery with respect to whether Plaintiff suffered from a back injury before the accident that is the subject matter of this action and with respect to whether Plaintiff "staged" his injury. Defendant contends that it was not able to obtain this discovery before the close of discovery due to Plaintiff's delay in producing or failure to produce certain requested information.

In fact, Defendant has filed several motions to compel discovery. Magistrate Judge Steven Pepe recently issued an order granting in part one of Defendant's motions to compel. (3/31/08 Order, Doc. 58.) Pursuant to that order, Plaintiff must *inter alia* "appear for examinations, interviews, and/or testing by, and complete all necessary questionnaires and authorizations by a vocational rehabilitation counselor" and Defendant is permitted to take the deposition of Plaintiff's chiropractor, Dr. Gary Zinnen on or before April 17, 2008. A second motion to compel that Defendant filed on March 31, 2008 also is

pending before Magistrate Judge Pepe and is not scheduled for hearing until May 28, 2008.

Clearly, as Defendant has been granted permission to conduct more discovery and a motion to compel remains undecided, the discovery deadline needs to be extended. Moreover, it is possible that additional dispositive motions will need to be filed based on any new information learned. The Court therefore finds that good cause exists to allow an amendment to the existing scheduling order.

The Court is not convinced that Plaintiff will suffer any prejudice as a result of the requested amendment to the scheduling order. Plaintiff contends that he will suffer prejudice because, at this time, Defendant has terminated its payment of his medical treatment and lost wages benefits. Defendant indicates, however, that Plaintiff no longer is entitled to those benefits because every physician who has examined him has opined that he has reached maximum medical improvement. Notably, this issue is the subject of a motion for partial summary judgment that is pending before the Court and scheduled for hearing on May 15, 2008.

Accordingly, the Court grants Defendant's motion to amend the scheduling order and will issue an amended scheduling order on this date.

**SO ORDERED**.

<pre>                              s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE</pre>

Copies to:
D. Bruce Beaton, Esq.
Frederick B. Goldsmith, Esq.
Lisa T. Milton, Esq.