UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK NICHOLSON,

        Plaintiff,        Case No. 07-11134

vs.        DISTRICT JUDGE PATRICK J. DUGGAN
        MAGISTRATE JUDGE STEVEN D. PEPE

THE GREAT LAKES TOWING
COMPANY,

        Defendant.
=============================/

**SUPPLEMENTAL ORDER REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER BARRING DEPOSITION OF PLAINTIFF'S COUNSEL (DKT. #80)**

On May 16, 2008, Plaintiff filed his Motion for Protective Order Barring Deposition of Plaintiff's Counsel and Quashing Related Subpoenas (Dkt. #80). Plaintiff filed two additional motions seeking protective orders on May 19, 2008 (Dkt. #82 & #83). Defendant's motions were referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A) (Dkt. #81, #84, & #85). On May 19, 2008, an emergency hearing was held on Defendant's motions at which all unresolved issues were addressed. At that hearing, Plaintiff's counsel, Mr. Donald B. Beaton, agreed to be deposed by Defendant's counsel on matters pertaining to Defendant's claim of fraud. Subsequently, the undersigned issued a May 21, 2008, Order stating:

> Defendant may take the deposition of Plaintiff's counsel, D. Bruce Beaton, as currently scheduled. Mr. Beaton and Defendant's counsel shall meet and confer prior to this deposition to determine the scope and parameters of this deposition.

1

(Dkt. #88, p. 3).

Before Mr. Beaton's deposition, however, on Friday afternoon, May 23, 2008, counsel for both parties notified the Court that they could not agree on the scope of Mr. Beaton's deposition and that a hearing was necessary on this, so a hearing was then scheduled to take place at 10:00 a.m. on Tuesday, May 27, 2008, to attempt to resolve the issue of the scope of Mr. Beaton's deposition. During this hearing, Mr. Beaton indicated that he was going to fax to the Court for *in camera* review certain documents. The undersigned has reviewed these documents and finds that these notes are not inconsistent with Mr. Beaton's statements regarding his communications with Plaintiff prior to the alleged May 25, 2006, accident at issue.

During this May 27, 2008, hearing, the undersigned also ordered that Defendant would have two weeks to file a formal response to Document No. 80. Defendant did timely file such a formal response on June 10, 2008 (Dkt. #100), to which the Plaintiff has filed a Reply (Dkt. #106). Defendant filed a short Sur-Reply Brief on July 1, 2008 (Dkt. #113).

The present dispute arises out of phone records obtained by Defendant and an affidavit of Mr. Beaton submitted as an attachment to a court filing. On May 1, 2008, Defendant filed a Supplemental Brief in Support of Defendant's Objections to Magistrate Judge Pepe's Order Denying in Part Defendant's Rule 35 Motion to Compel (Dkt. #74). In the Supplemental Brief, Defendant attached a portion of Nicholson's cellular telephone records, which Defendant had then recently obtained via subpoena. These phone records revealed multiple telephone calls between Nicholson and his attorney, Mr. Beaton, as well as between Nicholson and another plaintiffs' maritime personal maritime personal injury law firm in the days and hours before Nicholson's alleged accident. Defendant cited these phone records as evidence that the alleged accident may have been staged.

2

In his "Supplemental Brief in Response to Defendant, Great Lakes Towing Company's, Supplemental Brief in Support of Defendant's Objections to Magistrate Judge Pepe's Order Denying in Part Defendant's Rule 35 Motion to Compel," (Dkt. #75), Nicholson asserts that he spoke with Mr. Beaton on "several maritime legal issues unrelated to his [sic] accident" (*id.* at 2). Attached to Nicholson's Brief was an affidavit executed by Mr. Beaton (not Nicholson), claiming that he advised Nicholson on pension and union issues in the phone calls prior to the alleged accident (Dkt. #75, Ex. A, pgs. 2–3). In this same affidavit, Mr. Beaton claimed that "although I provided Mr. Nicholson with free legal advice, I did not represent him in this matter until I filed this lawsuit on his behalf" (Dkt. #75, Ex. A, p. 4).

In light of Mr. Beaton's voluntary offering of his own testimony (rather than his client's) in this case, Defendant requested dates and times for which Mr. Beaton was available to provide a deposition. When Mr. Beaton refused to provide these, Defendant noticed and subpoenaed Mr. Beaton for his deposition, and further demanded the production of certain documents relating to his purported pre-accident relationship and communications with Nicholson. Mr. Beaton subsequently filed the subject motion, claiming that he should not be compelled to submit to a deposition and arguing that the substance of the phone calls is protected by the attorney-client privilege.

First the very fact that legal advice was either sought or given is not in itself privileged. *See Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994)("Did any of these lawyers whom you talked to give you any advice?" merely requests a fact and would not reveal any client confidences in violation of the privilege.). Nor does the privilege extend to the general nature of the legal services the attorney was retained to perform or to the terms and

conditions of the attorney's engagement.  Generally speaking, the purpose for which the attorney was retained – to file a divorce action, to draft a will, to draw up a lease, to defend against a lawsuit and a particular one at that – are all matters that are discoverable.  *See Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 603 (8th Cir. 1977), *aff'd*, 572 F.2d 59 (8th Cir. 1978) (*en banc*) ("That memorandum contained no confidential information.  It did little more than reveal the relationship between the parties, *the purpose for which Law Firm had been engaged, and the steps which the Firm intended to take in discharging its obligation* to Diversified.  Such a document is not privileged" (emphasis added); see also *Church of Scientology v. Cooper*, 90 F.R.D. 442, 443 (S.D.N.Y. 1981) (Deposition questions that did not ask for the substance of any communications the client made to the attorney, but, instead, asked whether discussions regarding various subjects were had, whether compensation was received or arranged for, whether legal services were rendered, and whether documents were shown to the client, did not ask for any material protected by the attorney-client privilege.).

Accordingly, the deposition of Mr. Beaton may proceed, as long as Defendant's counsel is careful to limit his questions to the purpose for which Mr. Beaton was retained and to the general nature of those legal services.  To the present point, Plaintiff Nicholson has not waived the attorney client privilege.  In those instances where the content of the communication would be disclosed by revealing the purpose, such information is accorded protection.  Yet, if Plaintiff Nicholson intends to call Mr. Beaton at trial as a witness to refute any fraud or fabrication charges by Defendant, it will be assumed that Plaintiff has waived the attorney client privilege and Mr. Beaton can be deposed in full on all subjects pertaining to accusations of fraud.  The parties should once again meet and confer to discuss the scope and parameters of Mr. Beaton's

deposition in light of this Order, and to determine whether Plaintiff intends to call Mr. Beaton at trial as a witness. In the event Plaintiff will not be calling Mr. Beaton, Defendant shall provide this Court on or before August 4, 2008, with the topics and subjects it intends to depose Mr. Beaton, so that this Court can make a final determination regarding the parameters of Mr. Beaton's deposition.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: July 29, 2008                      s/Steven D. Pepe
Ann Arbor, Michigan               United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 29, 2008.

                                             s/ Alissa Greer
                                             Case Manager to Magistrate
                                             Judge Steven D. Pepe
                                             (734) 741-2298